UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                Plaintiff,

v.

BRIAN BONNAR,

                Defendant.

No. CR08-197Z

ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Count Two, docket no. 25. The Court, being fully advised, now enters the following Order.

**BACKGROUND**

Defendant Bonnar has been charged with a two-count indictment arising from an alleged assault of Irene Damon on or about October 22, 2005. Count One charges a violation of the victim's federal rights in violation of 18 U.S.C. § 242. Count One alleges, in part, that the defendant "did assault Irene Damon, resulting in bodily injury to her" thereby depriving her of her civil rights. Count Two charges that on or about January 17, 2008, the defendant made false material declarations before the grand jury. Specifically, Count Two alleges, in part, as follows:

> In January 2008, a federal grand jury in Seattle, Washington, was conducting an ongoing investigation into possible violations of federal law relating to defendant Brian Bonnar's assault of Irene Damon on or about October 22, 2005. Specifically, the grand jury was investigating allegations that defendant Brian Bonnar, while acting under color of law, had assaulted Irene Damon by intentionally striking her in the

ORDER -1-

head with his knee after she was handcuffed, lifting her up from the ground by her hair, and slamming her head against a police car. Accordingly, it was material to the grand jury's investigation to determine all truthful information relating to the offense, necessarily including all information regarding defendant Brian Bonnar's action and his state of mind in committing them.

On or about January, 17, 2008, in the Western District of Washington, defendant BRIAN BONNAR after having duly taken an oath to testify truthfully, and while testifying in a proceeding before the Grand Jury of the United States District Court for the Western District of Washington, did knowingly make false material declarations before that grand jury.

Specifically, the defendant gave the following false testimony in the grand jury, knowing such testimony to be false [false declarations are underlined]:

Q: Just so the Grand Jury is clear, did you intentionally strike Irene Damon in the head with your knee?

A: <u>No, sir.</u>

Q: Did you intentionally strike Irene Damon in the head with anything?

A: <u>No, sir.</u>

Q: Did you intentionally strike Irene Damon after you realized she was handcuffed?

A: <u>No, sir.</u>

Q: Did you intentionally slam Irene Damon's head against the car?

A: <u>No, sir.</u>

Q: Did you intentionally lift Irene Damon up by her hair?

A: <u>No, sir.</u>

## The Truth

The above declarations were false in that defendant Brian Bonnar intentionally struck Irene Damon in her head with his knee after he knew that she was handcuffed, intentionally lifted Irene Damon off of the ground by her hair, and intentionally slammed Irene Damon's head against a police car.

All in violation of Title 18, United States Code, Section 1623.

Defendant now moves under Federal Rule of Criminal Procedure 12(b) to dismiss Count Two as duplicitous because it alleges more than one offense in a single count and undermines the defendant's right to fair notice and a unanimous jury verdict.

**ANALYSIS**

Rule 8(a) of the Federal Rules of Criminal Procedure requires that an indictment must contain "a separate count for each offense." United States v. Aguilar, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985). An indictment is duplicitous when a single count joins two or more distinct and separate offenses. United States v. Ramirez-Martinez, 273 F.3d 903, 913 (9th Cir. 2001), overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (en banc). A count is duplicitous if a jury may find the defendant guilty on a count without having reached a unanimous verdict in the particular offense. The principal test for determining whether a single count improperly contains multiple, distinct offenses is "whether identical evidence will support each of them, and if any dissimilar facts must be proved there is more than one offense." United States v. Holley, 942 F.2d 916, 928 (5th Cir. 1991) (quoting Bins v. United States, 331 F.2d 390, 393 (5th Cir. 1964)).

Each of the separate alleged false statements in Count Two will require different evidence at trial. The evidence to prove whether defendant made one or more of the charged false statements is different. For example, the evidence to support the first alleged false statement denying that he did "intentionally strike Irene Damon in the head with your knee" is quite distinct from the evidence necessary to support the third alleged false statement denying that he did "intentionally strike Irene Damon after you realized she was handcuffed" or the fourth alleged false statement denying that he did "intentionally slam Irene Damon's head against the car."

The Government's contention that Count Two merely alleges that the defendant committed a "single offense by multiple means" Response at 2, is without merit. The statements at issue here amount to alleged false statements concerning distinct subjects. The Government's reliance on cases like United States v. Arena, 226 F.2d 227 (9th Cir. 1955) cert. denied, 350 U.S. 954 (1956), and United States v. Vitello, 425 F.2d 416 (9th Cir. 1970) is misplaced. In Arena, (a case only involving two counts one of which was a perjury

ORDER -3-

charge), several questions were asked during the grand jury investigation. The court noted that "they were all ancillary to the $64 question" namely whether he had received the money from another person. 226 F.2d at 236. The Arena court reasoned that "[t]he minor questions were all directed toward refreshing the appellant's recollection, so that there could be no mistake as to the deliberateness of his lie . . . ." Id. In contrast, Bonner was asked at least 5 separate questions which were each directed to a separate way in which the Government contends the assault occurred. In Vitello, defendant was convicted of perjury under an indictment charging that defendant falsely swore he never placed a bet with a certain bookmaker. Vitello involved 3 separate questions (falsely swearing he never placed a bet with any bookmaker in the United States other than Mr. Harrison; falsely swearing that he did not know a Charles Spencer; and third, falsely swearing he never placed a bet with Ruth Hughes). Defendant's objection related to the unanimity instruction which was approved by the Appellate Court.

In contrast to raising the issue at trial or on appeal, defendant in this case raises the issue in a pretrial motion under Rule 12(b). He is entitled to have his duplicity claim cured in a timely manner before trial. The Government's suggestion that the issue can be cured at trial with a proper jury instruction is rejected. See United States v. Bonds, 2008 U.S. Dist. Lexis 28934 (N.D. Cal., March 4, 2008).

Prior to trial, the Court may either dismiss a duplicitous count or order the Government to elect the alleged false statement in the count on which to proceed. United States v. Aguilar, 756 F.2d 1418, 1422-23 (9th Cir. 1985). Providing the Government with an election is an appropriate remedy. In this case, the Court concludes Count Two must be dismissed unless the Government elects to proceed on one false statement in Count Two or otherwise chooses to supersede the indictment.[1]

---

[1] The Court does not address in this Order the question of whether the questions asked are repetitious. See Gebhard v. United States, 422 F.2d 281 (9th Cir. 1970).

ORDER  -4-

## CONCLUSION

For the reasons stated, the defendant's motion is GRANTED IN PART. The Government must elect, within 20 days of this Order, which alleged false statement contained in Count Two will remain for trial. If the Government fails to elect within 20 days, Count Two will be dismissed.

IT IS SO ORDERED.

DATED this 1st day of October, 2008.

Thomas S. Zilly
United States District Judge

ORDER -5-